IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ROBERT W. CHAPIN, JR., | ) | |
| | ) | CASE NO. BK04-43062 |
| Debtor(s). | ) | A04-4111 |
| HELEN LANE, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT W. CHAPIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the debtor defendant's motion for summary judgment (Fil. #39). The parties represent themselves. The motions were taken under advisement as submitted without oral arguments.

This adversary proceeding was brought to except a debt from discharge under 11 U.S.C. § 523(a)(6) for willful and malicious injury. The debtor has moved for summary judgment, asserting that no evidence of a willful or malicious act by him has been demonstrated. The plaintiff has asked for additional time to respond because she is in the process of moving after having been evicted from her residence. I have reviewed the plaintiff's preliminary pretrial statement (Fil. #32) and her statement of facts leading to her Chapter 12 bankruptcy filing (Fil. #33), and have concluded that an extension of time to respond would not be helpful to the court in resolving this matter.

The motion for summary judgment will be granted.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694,

696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "We look to the substantive law to determine whether an element is essential to a case, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Williams v. Marlar (In re Marlar), 252 B.R. 743, 751 (B.A.P. 8th Cir. 2000) (quoting Ries v. Wintz Properties, Inc. (In re Wintz Cos.), 230 B.R. 848, 858 (B.A.P. 8th Cir. 1999)) (internal quotations omitted).

The Bankruptcy Code provides that an individual debtor in a Chapter 7 case is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6). "Willful" and "malicious" are two separate elements and each must be proven by the plaintiff in order to receive an exception to discharge. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999); Osborne v. Stage (In re Stage), 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005). The "willful" element of § 523(a)(6) requires a plaintiff to show that the debtor intended the injury, not merely that the deliberate or intentional act lead to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). Conduct that is reckless or negligent is not enough. The "malicious" element requires the plaintiff to show that the debtor's conduct was targeted at the plaintiff, at least in the sense that the conduct was certain or almost certain to cause the plaintiff harm. Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999). The mere violation of legal rights is not enough to show malice "absent some additional aggravated circumstances." Barclays Am. Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 881 (8th Cir. 1985).

The facts of this lawsuit as set forth in the pleadings likely establish negligence on the part of the defendant in missing filing deadlines and a court appearance, but they do not rise to the level of the type of injurious behavior directed at the plaintiff with the intent of causing her to lose her property. Nothing heretofore alleged demonstrates the existence of the legal elements the plaintiff will need to prove in order to prevail in this non-dischargeability litigation. Therefore, the defendant's motion will be granted, judgment will be entered in favor of the defendant, and the trial will be canceled.

    IT IS ORDERED: The debtor defendant's motion for summary judgment (Fil. #39) is granted. Separate judgment will be entered.

    DATED:    March 6, 2006

                                      BY THE COURT:

                                      <u>/s/ Timothy J. Mahoney</u>
                                      Chief Judge

Notice given by the Court to:
    Robert Wm. Chapin, Jr.
    Helen Lane
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.